IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02949-LTB

**LOUIS PEOPLES, JR.**,

    Applicant,

v.

**JAMES FALK**, Warden and
**THE ATTORNEY GENERAL OF THE STATE OF COLORADO**,

    Respondents.

---

## ORDER OF DISMISSAL

---

Applicant, Louis Peoples, Jr., is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility in Sterling, Colorado. Mr. Peoples has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) (the "Application") challenging the validity of his convictions in two Denver District Court cases. For the reasons that follow, the Petition will be dismissed as untimely because it was not filed within the one-year limitations period provided for under 28 U.S.C. § 2244(d). In addition, the only timely claim does not provide a basis for granting federal habeas corpus relief. An appropriate order follows.

### A. Relevant Procedural History

On November 14, 2002, following a jury trial in the Denver County District Court, Applicant was found guilty of Criminal Attempt to Commit Murder in the First Degree, Assault in the First Degree and Assault in the Second Degree stemming from two separate attacks on his then girlfriend. The trial court found that Peoples had seven prior felony convictions, adjudicated him a habitual criminal, and sentenced him to a

total of 128 years in prison.  Peoples filed a timely appeal to the Colorado Court of Appeals (CCA), which affirmed his conviction and sentence on direct appeal.  *People v. Peoples*, 03CA101 (Colo. App. Jan. 13, 2005) (not published pursuant to CAR 35(f)) (ECF No. 21-6).  On October 3, 2005, the Colorado Supreme Court (CSC) denied Applicant's petition for certiorari (ECF No. 21-8).

On July 28, 2006, Peoples filed his first post-conviction motion (ECF No. 21-1, p. 13) alleging ineffective assistance of trial and appellate counsel.  Following a hearing, the trial court denied Applicant's Motion and the CCA affirmed on July 22, 2010.  *People v. Peoples*, No. 09CA94 (Colo. App. July 22, 2010) (not published pursuant to CAR 35(f)).  On January 18, 2011, the CSC denied certiorari review.

On April 29, 2011, Peoples filed a second post-conviction motion alleging, *inter alia*, ineffective assistance of post-conviction counsel.  The trial court issued a written order denying it without holding a hearing.  On November 13, 2013, the CCA affirmed holding that, other than his claim of ineffective assistance of post-conviction counsel, Peoples' claims were time-barred and successive because they could have been raised on direct appeal or during his first post-conviction proceeding.  *People v. Peoples*, No. 11CA2166 (Colo. App. Nov. 14, 2013) (not published pursuant to CAR 35(f)).  The CSC denied certiorari review on September 8, 2014.

Peoples filed his habeas corpus application on October 28, 2014.  He raised the following claims in his Amended Brief filed on December 17, 2014.

1. The State's Violation of The Uniform Mandatory of Disposition Act Deprived the Applicant of Due Process of Law.

2. Applicant's Eighth and Fourteenth Amendment Rights Were Violated by Court Imposed Cruel and Unusual Punishment to Effect Speedy Trial Waiver Which Counsel Permitted and Aided.

3. Abuse of Discretion by Trial Court for Failure to Correct Potential Conflict of Interest: Violating Applicant's Sixth Amendment Right by Way of the Fourteenth Amendment to a Fair Trial (Due Process) and Effective Assistance of Counsel.

4. Applicant's Fifth and Fourteenth Amendment Rights Were Violated Pursuant to the Confrontation Clause When Expert's Video Recording Was Altered in Parts and Used as Exhibit at Trial.

5. Applicant's Sixth Amendment Right to a Fair Trial Was Violated Due to Prosecutor Misconduct.

6. Applicant's Sixth Amendment Right to Public Trial (As Incorporated Through the Fourteenth Amendment) Was Violated by Court Officials Tampering with the Jury During Deliberations.

7. Applicant's Fourteenth Amendment Right Was Violated and Hardship Was Placed upon His Appellate Rights to Court Transcripts.

8. Applicant's Fourteenth Amendment Right to Due Process and Equal Protection Was Violated by Illegal Search and Seizure Violation of Fourth Amendment.

9. Applicant's Sixth Amendment Right Was Violated by "Acting Judge" Operating as Second Chair Prosecutor Known to Have Strong Bias Against Accused in Violation of Separation of Powers Doctrine.

10. Applicant's Sixth Amendment Right to a Fair Trial Was Violated When the Prosecution Failed to Turn over Medical Records Pursuant to Crim. P. Rule 16.

11. Applicant's Sixth & Fourteenth Amendment Right to Effective [Appellate] Counsel Was Violated by Conflict of Interest, and Counsel's Failure to Bring Effective Representation of Substantial Error.

12. Applicant's Sixth and Fourteenth Amendment Right to Effective Collateral Attack and Collateral Appeal Counsel Was Violated by Conflict of Interest; and Counsel Failed to Bring Effective Representation of Substantial Errors.

13. Trial Judge Shelley I. Gilman's Professional Misconduct Throughout this Case Violated Applicant's Constitutional Rights on Several Levels.

14. The State Failed to Prove the Element of Attempted First Degree Murder and First Degree Assault Beyond a Reasonable Doubt.

On March 9, 2015, Respondents filed their Pre-Answer Response (ECF No. 21) arguing that the Application is untimely and that Mr. Peoples's claims are unexhausted

and procedurally defaulted. On March 27, 2015, Mr. Peoples filed his Reply (ECF No. 22).

## B. Time Period for Filing Federal Habeas Corpus Petitions

The first consideration in reviewing a federal habeas corpus petition is whether the petition was timely filed under the one-year limitations period applicable to such petitions. In this regard, the federal habeas corpus laws impose a one-year limitations period applicable to state prisoners, which provides as follows.

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In analyzing whether a petition for writ of habeas corpus has been timely filed under the one-year limitations period, a federal court must undertake a three-part inquiry. First, the court must determine the "trigger" date for the individual claims raised in the Petition. Typically, this is the date that the petitioner's direct review concluded and the judgment became "final" for purposes of triggering the one-year period under section § 2244(d) (1)(A). Second, the court must determine whether any "properly filed" applications for post-conviction or collateral relief were pending during the limitations period that would toll the statute pursuant to section 2244(d)(2). Third, the court must determine whether any of the other statutory exceptions or equitable tolling should be applied on the facts presented.

In the instant action, on direct appeal, the Supreme Court of Colorado denied Applicant's timely-filed Petition for Allowance of Appeal on October 3, 2005. Consequently, direct review of Petitioner's conviction became "final" on or about January 3, 2006, *i.e*, the date of the expiration of the ninety-day period for filing a petition for writ of certiorari in the United States Supreme Court. *See Locke v. Saffle*, 237 F.3d 1269, 1272 (10th Cir. 2001) (noting that a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review, including the time limit (90 days) for filing a writ of certiorari in the Supreme Court). Thus, Applicant had one year from that date, *i.e.*, until January 3, 2007 to file a federal habeas corpus petition challenging his conviction.

In the case at bar, however, Applicant did not file his federal Habeas Corpus Application in this Court until October 28, 2014, the date he signed his Petition. Thus,

this court must determine whether Applicant can take advantage of the "tolling" provision in section 2244(d)(2). In this regard, as stated above, section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

With respect to the instant petition, Applicant filed his first post-conviction motion on July 28, 2006. As stated above, his one-year limitations period began running on January 4, 2006 and continued to run until July 28, 2006, when he filed his post-conviction motion. From January 4, 2006 until July 28, 2006, 205 days had run on Applicant's one-year limitations period; 160 days remained (365–205 =160). Applicant's one-year AEDPA limitations was tolled while he was pursuing his post-conviction proceeding from July 28, 2006 through January 18, 2011, the date the Supreme Court of Colorado denied his Petition for Allowance of Appeal. *Cf. Carey v. Saffold*, 536 U.S. 214. Thus, his one-year limitations period began to run again on January 19, 2011 and expired 160 days later on June 28, 2011.

Applicant filed his second post-conviction motion on April 29, 2011 raising, *inter alia*, ineffective assistance of trial, appellate and post-conviction counsel. With the exception of his claims of ineffective assistance of post-conviction counsel, he is not entitled to any tolling with regards to his second post-conviction motion as that motion was dismissed as untimely. *See Pace v. DiGuglielmo*, 544 U.S. 408 (2005) (holding that untimely post-conviction petition does not toll AEDPA's limitation period). Thus, with the exception of his limitations period for his Claim 12 alleging ineffective

assistance of post-conviction counsel (discussed below), his limitations period expired on June 28, 2011.  As such, his federal habeas Petition filed on October 28, 2014, over three years after his one-year limitations period expired, is untimely with respect to all of his claims except Claim 12, which alleges ineffective assistance of post-conviction counsel.

Moreover, nothing in the record in this action indicates that Petitioner is entitled to take advantage of any of the other provisions in AEDPA triggering the one-year limitations period.  In this regard, Petitioner's petition for habeas corpus does not indicate that he suffered any impediment to filing his federal petition. 28 U.S.C. § 2244(d)(1)(B).  Nor has he asserted that his claims are based on a new constitutional right recognized by the United States Supreme Court and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C).  In addition, he has not shown that his claims are based upon a factual predicate that could not have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(D).

Finally, Petitioner has not made any showing that the doctrine of equitable tolling should be applied in this action.  The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons.  *Holland v. Florida*, 560 U.S. 631, 649 (2010).  Generally, equitable tolling is appropriate if the Applicant shows both "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" and prevented him from filing in a timely manner.  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); see *Sigala v. Bravo*, 656 F.3d 1125, 1128 (10th Cir. 2011); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).  A showing of excusable neglect is not sufficient to justify equitable tolling.  See *Gibson*, 232 F.3d at 808.

Furthermore, in order to demonstrate he pursued his claims diligently, the Applicant must "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978).

Here, Applicant has made no showing why he did not diligently pursue his claims in this Court.  Therefore, the Court finds no basis for equitable tolling and the Claims One through Eleven, Thirteen and Fourteen will be denied as time-barred.

### C. Ineffective Assistance of Post-Conviction Counsel

In his twelfth claim, Applicant asserts that his "Sixth and Fourteenth Amendment right to effective collateral attack and collateral appeal counsel was violated by conflict of interest and counsel failed to bring effective representation of substantial errors." This claim, while exhausted in the state courts, and timely under AEDPA, is not cognizable for relief on federal habeas review.  Although, ineffective assistance of post-conviction counsel may establish cause for a procedural default under some circumstances, see *Martinez v. Ryan*, —— U.S. ——, 132 S.Ct. 1309, 1320 (2012), "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."  28 U.S.C. § 2254(i).  Thus, claim 12 is not a cognizable claim for federal habeas relief.  *Accord Stogsdill v. Ploughe*, Civil Action No. 14–cv–02683, 2015 WL 109876 (D. Colo. Jan. 5, 2015).  Consequently, while Claim 12 is timely filed and has been exhausted, it is not a basis for federal habeas corpus relief and must be dismissed.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be

denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

**ORDERED** that the Application (ECF No. 1) is denied and the action is dismissed because all but one of Applicant's claims are untimely. It is

**FURTHER ORDERED** that Applicant's timely claim of ineffective assistance of post-conviction counsel cannot provide a basis for federal habeas corpus relief. It is

**FURTHER ORDERED** that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right. It is

**FURTHER ORDERED** that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  7th  day of     April    , 2015.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court